IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,388-02






EX PARTE JASON JERMAINE GORDON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 22402 IN THE 6TH DISTRICT COURT


FROM LAMAR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to 19 years' imprisonment. He did not appeal his conviction. 

 Applicant alleges that counsel rendered ineffective assistance by notifying the State that he
had a prior conviction which could be used to enhance punishment. Applicant alleges that he was
a "minor" when he was convicted of the prior offense and that the offense thus could not be used to
enhance punishment to the habitual offender punishment range. Applicant alleges that counsel was
deficient for advising him to accept the State's plea bargain offer of 19 years' confinement as
Applicant never should have been charged and convicted as a habitual offender. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve the fact issues. 
In the appropriate case, the trial court may rely on its personal recollection. Id. The trial court shall
order trial counsel to file an affidavit addressing the following: (1) whether counsel's pre-trial
investigation revealed that Applicant had prior offenses which could be used to enhance punishment;
(2) whether Applicant was tried and convicted of his prior offenses as a juvenile offender; (3)
whether counsel advised Applicant to accept the State's plea bargain offer of 19 years' confinement;
and, (4) whether counsel believed that pleading guilty was in Applicant's best interest. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary because of counsel's ineffective assistance. Specifically, the trial
court shall make findings of fact as to whether counsel's pre-trial investigation revealed that
Applicant had prior offenses which could be used to enhance punishment. The trial court shall also
make findings of fact as to whether Applicant was tried and convicted of his prior offenses as a
juvenile offender. The trial court shall also make findings of fact as to whether counsel advised
Applicant to accept the State's plea bargain offer of 19 years' confinement. The trial court shall also
make findings of fact as to whether counsel believed that pleading guilty was in Applicant's best
interest. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: November 18, 2009

Do not publish